IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-73,606-01






EX PARTE LEMMUEL NIVEK HATCHER, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 16292B IN THE 104TH DISTRICT COURT


FROM TAYLOR COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of possession of a
controlled substance with intent to deliver and sentenced to thirty years' imprisonment. The Eleventh
Court of Appeals affirmed his conviction. Hatcher v. State, No. 11-08-00193-CR (Tex.
App.-Eastland 2009, no pet.).

 On May 26, 2010, we remanded this application for findings of fact and conclusions of law.
On remand, trial counsel filed a sworn affidavit in response to Applicant's ineffective assistance of
counsel claims, and the trial court made findings of fact and conclusions of law. Since that time,
Applicant has filed a supplement raising a new claim. We believe that the record is not adequate to
resolve this new claim. In these circumstances, additional facts are needed. As we held in Ex parte
Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for
findings of fact. The trial court shall order trial counsel to respond to Applicant's claim that his
closing argument was improper. The trial court may use any means set out in Tex. Code Crim.
Proc. art. 11.07, § 3(d). 

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent him at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to what trial counsel's strategy was during
closing arguments, specifically why he repeatedly mentioned to the jury that Applicant was a drug
dealer and why he conceded that Brandi Hyke's credibility was not particularly important. The trial
court shall then determine whether trial counsel's performance was deficient and whether Applicant 
was prejudiced. The trial court shall also make any other findings of fact and conclusions of law that
it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 




Filed: November 10, 2010

Do not publish